**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA,
SAVANNAH DIVISION**

| | | |
|---|---|---|
| JOAN ULINO, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| v. | ) | |
| | ) | |
| HHC TRS SAVANNAH LLC d/b/a Hyatt | ) | |
| Regency Savannah and JOHN DOES 1-3 | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant HHC TRS Savannah, LLC ("HHC TRS") files this Notice of Removal, showing the Court as follows:

### INTRODUCTION

(1)     HHC TRS has removed this case from the State Court of Chatham County (the "State Court"). On October 19, 2022, Plaintiff Joan Ulino filed her Complaint in the State Court. HHC TRS was served with process on October 25, 2022. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon HHC TRS are attached as <u>Exhibit A</u> and incorporated by reference.

(2)     Written notice of this filing has been sent or filed, or is contemporaneously being sent or filed, to Plaintiff and the Clerk of Court for the State Court, as evidenced by the notice attached as <u>Exhibit B</u>.

(3)     In the Complaint, Plaintiff alleges that she was a business invitee at the Savannah Hyatt Regency in Savannah, Georgia (the "Hotel"), on or about November 7, 2020. While at the Hotel, Plaintiff claims that she suffered traumatic and permanent psychological and physical

injuries while exiting the Hotel. Exhibit A at p. 4, ¶¶ 9-10. The Complaint states a claim against HHC TRS for negligence in failing to keep the premises in safe working order and/or free from hazardous conditions. *Id.* at p. 5, ¶¶ 13-17.

(4)     According to Plaintiff, she suffered "traumatic and permanent psychological and physical injuries." *Id.* at p. 4, ¶¶ 9-10. Plaintiff also claims that she has "incurred reasonable medical expenses" and may incur additional expenses in the future. *Id.* at p. 6, ¶ 19. Plaintiff seeks to recover for past, present, and future medical expenses, physical and mental pain and suffering, loss of the capacity for the enjoyment of life, among other categories of damages. *Id.* at p. 6, ¶ 20.

(5)     Plaintiff previously reported to HHC TRS and/or its representative that she was forced to undergo immediate surgery following the incident described above. Further, upon information and belief, Plaintiff has incurred at least $100,000 in past medical bills related to treatment for the alleged injury to date.

(6)     As set forth below, removal is proper and appropriate. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a) because (a) removal is timely; (b) there is complete diversity of citizenship; and (c) the amount in controversy, more likely than not, exceeds the sum of $75,000, exclusive of interest and costs.

**Removal is Timely**

(7)     HHC TRS received service of the Complaint on October 25, 2022. However, the Complaint originally named HH Savannah, LLC as a defendant. Because HH Savannah, LLC was not a diverse party, this case was not removable.

(8)     On January 6, 2023, HH Savannah, LLC was dismissed from the case. *See* Exhibit C. Therefore, this case became removeable on January 6, 2023.

(9)     HHC TRS has filed this Notice within thirty (30) days after its receipt of "an

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," in accordance with 28 U.S.C. § 1446(b)(3). Specifically, HHC TRS has filed this Notice within thirty days of its receipt of the January 6, 2023, order dismissing a non-diverse party from the Complaint.

(10)   HHC TRS has timely removed this action under 28 U.S.C. § 1446(b)(3).

## Venue is Proper in the Southern District

(11)   This Court is the proper venue for removal under 28 U.S.C. § 1441(a) because the Southern District encompasses Chatham County. *See* 28 U.S.C. § 90(a)(2).

## Complete Diversity Jurisdiction Exists

(12)   There is complete diversity of citizenship between Plaintiff and HHC TRS.

(13)   For purposes of diversity of citizenship, a limited liability company is a citizen of any state in which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Carden v. Arkona Associates*, 494 U.S. 185, 195-96 (1990)(finding "diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members"). In addition, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (defining corporation's principal place of business as "place where a corporation's officers direct, control, and coordinate the corporation's activities").

(14)   Plaintiff is a citizen of Florida.

(15)   HHC TRS is a Delaware limited liability company, with its principal place of business in Texas, whose sole member is HH Swap D, LLC.

(16)   HH Swap D, LLC is a Delaware limited liability company, whose sole member is

HH Mezz Borrower D-1, LLC.

(17)    HH Mezz Borrower D-1, LLC is a Delaware limited liability company, whose sole member is HH Mezz Borrower D-2, LLC

(18)    HH Mezz Borrower D-2, LLC is a Delaware limited liability company, whose sole member is Ashford D-3 Mezz, LLC

(19)    Ashford D-3 Mezz, LLC is a Delaware limited liability company, whose sole member is HH Mezz Borrower D-4, LLC.

(20)    HH Mezz Borrower D-4, LLC is a Delaware limited liability company, whose sole member is Ashford TRS Corporation.

(21)    Ashford TRS Corporation is a Delaware corporation with its principal place of business in Texas.

(22)    Accordingly, HHC TRS is a citizen of Delaware and Texas.

(23)    Consequently, complete diversity of citizenship exists between Plaintiff and HHC TRS for purposes of diversity jurisdiction.

## The Amount in Controversy Exceeds $75,000

(24)    While the amount in controversy must exceed $75,000, 28 U.S.C. § 1332(a), defendants, like HHC TRS, are not required to prove this amount "beyond all doubt or to banish all uncertainty about it." *Farley v. Variety Wholesalers, Inc.*, Civil Action No. 513-CV-52 (CR), 2013 WL 1748608, *2 (M.D. Ga. April 23, 2013) (*citing Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010)). Rather, a defendant must show that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Id.* (*citing Roe v. Michelin N.*

*Am., Inc.* 613 F.3d 1058, 1061 (11th Cir. 2010)); *see Ray v. GPR Hospitality LLC*, Civil Action No. 1:14-CV-1309-CC, 2015 WL 4717400, *2-4 (N.D. Ga., Aug. 7, 2015).

(25)    In this case, Plaintiff seeks to recover her past medical bills, in addition to future medical expenses, past and future pain and suffering, etc. *See* Complaint. The Plaintiff previously reported that she underwent emergent surgery following the incident and as incurred at least $100,000 to date in treatment of her injury.

(26)    In view of Plaintiff's reported medical history and bills, the amount in controversy, more likely than not, exceeds $75,000 for purposes of diversity jurisdiction. 28 U.S.C. § 1332(a); see *McNeil v. Wal-Mart Stores E., L.P.,* No. 3:19-CV-15, 2019 WL 1978474, at *2 (M.D. Ga. May 3, 2019) (medical bills and evidence of lost wages are sufficient to establish the amount in controversy by the preponderance of the evidence)*; Dewitte v. Foremost Ins. Co*., 171 F. Supp. 3d 1288, 1290 (M.D. Fla. 2016) ("[M]edical bills related to treatments a plaintiff has undergone after an injury are sufficient to establish the amount in controversy.").

WHEREFORE, HHC TRS hereby files this Notice of Removal and removes this action to this Court from the State Court.

[Signature of counsel on following page.]

Respectfully submitted this 3rd day of February, 2023.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

/s/ Jason T. Vuchinich
Jonathan R. Friedman*
Georgia Bar No. 277720
P. Shane O'Neill*
Georgia Bar No. 297849
Cecilia D. Orozco*
Georgia Bar No. 562696
Jason T. Vuchinich
Georgia Bar No. 537509
3344 Peachtree Road, N.E., Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
jfriedman@wwhgd.com
soneill@wwhgd.com
corozco@wwhgd.com
jvuchinich@wwhgd.com
* *Pro Hac Vice* to be filed

*Attorneys for HHC TRS Savannah, LLC*