# Exhibit A

*Brian K Hart* -Clerk of Court

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JOAN ULINO, §
§
      Plaintiff, §
§ Civil Action No. STCV22-01806
v. §
§
HH SAVANNAH LLC, HHC TRS § TIME: 1:16 pm
SAVANNAH LLC d/b/a HYATT § DATE: 10/25/22
REGENCY SAVANNAH, HYATT § SERVER INITIALS: KB
CORPORATION and JOHN DOES 1-3, § WILSON INVESTIGATION NETWORK
§ (912) 590-2608 / (912) 807-9461
      Defendants. §

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:    **HH Savannah LLC**

      You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

Bradley S. Robinson, Esq.
Farah & Farah, P.A.
12016 Abercorn Street
Savannah GA 31419
(912) 999-2075

an Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demand in the Complaint.

      This ___ day of _____, 2022.

CLERK OF THE STATE COURT

By: /s/ Rebekah Jenkins
      _____
      Clerk/Deputy Clerk

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOAN ULINO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No.:STCV22-01806 |
| | § | |
| HH SAVANNAH LLC, HHC TRS | § | |
| SAVANNAH LLC d/b/a HYATT REGENCY | § | |
| SAVANNAH, HYATT CORPORATION and | § | |
| JOHN DOES 1-3, | § | |
| | § | |
| Defendants. | § | |

### COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, **Joan Ulino**, and for her complaint for damages against Defendant **HH Savannah LLC**, Defendant **HHC TRS Savannah LLC d/b/a Hyatt Regency Savannah**, Defendant **Hyatt Corporation** and Defendant **John Doe 1-3**, shows the Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff, **Joan Ulino** (hereinafter "Plaintiff"), is subject to the jurisdiction of this Honorable Court.

2.

Defendant **HH Savannah LLC** (hereinafter "Defendant HH Savannah"), a Foreign Limited Liability Company with a principal office located at 14185 Dallas Parkway, Suite 1100, Dallas, Texas 75254, and on the date of the incident complained of herein, upon information and belief, was doing business at the subject premises located at 2 W Bay Street, Savannah, Georgia 31401. Defendant HH Savannah is subject to the jurisdiction of this Court and may be served with Summons, Complaint and Discovery in this matter by delivering a copy of same to their registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

*Brian K. Hart* -Clerk of Court

3.

Defendant **HHC TRS Savannah LLC d/b/a Hyatt Regency Savannah** (hereinafter "Defendant HHC TRS Savannah"), a Foreign Limited Liability Company with a principal office located at 14185 Dallas Parkway, Suite 1100, Dallas, Texas 75254, and on the date of the incident complained of herein, upon information and belief, was doing business at the subject premises located at 2 W Bay Street, Savannah, Georgia 31401. Defendant HHC TRS Savannah is subject to the jurisdiction of this Court and may be served with Summons, Complaint and Discovery in this matter by delivering a copy of same to their registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.

Defendant **Hyatt Corporation** (hereinafter "Defendant Hyatt Corporation"), a Foreign Profit Company with a principal office located at 150 North Riverside Plaza, 14th Floor, Chicago, Illinois 60606, and on the date of the incident complained of herein, upon information and belief, was doing business at the subject premises located at 2 W Bay Street, Savannah, Georgia 31401. Defendant Hyatt Corporation is subject to the jurisdiction of this Court and may be served with Summons, Complaint and Discovery in this matter by delivering a copy of same to their registered agent, United States Corporation Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5.

Defendants John Does 1-3 are individuals, persons, corporations, or entities who may be liable for all or part of the negligible acts or omissions committed resulting in the subject incident which involved and resulted in injuries and damages to Plaintiff and from whom Plaintiff may seek recovery of damages. Defendant John Does 1-3 are individuals, corporations, or entities who may be associated and/or affiliated with Defendant HH Savannah, Defendant HHC TRS Savannah and/or Defendant Hyatt Corporation.

6.

The acts and omissions giving rise to this litigation occurred at 2 W Bay Street, Savannah, Georgia 31401 (the "Premises").

7.

For the foregoing reasons, the State Court of Chatham County has jurisdiction over this dispute and is the proper venue for this matter.

## **BACKGROUND**

8.

On November 7, 2020, Plaintiff was a business invitee of Defendants' business located at 2 W Bay Street, Savannah, Georgia 31401.

9.

On November 7, 2020, while exiting the subject property, Plaintiff was walking through and was exiting the subject premises when the door unexpectedly closed on her, causing Plaintiff to lose her balance and fell to the ground.

10.

As a direct result of Plaintiff's fall, Plaintiff suffered traumatic and permanent psychological and physical injuries, which caused Plaintiff to immediately suffer physical pain and discomfort.

11.

At all times relevant to this Complaint, Plaintiff exercised due care for her own safety, and was not provided adequate notice of any dangerous, hazardous and/or defective conditions.

12.

As a result of Defendants' negligence, Plaintiff suffered physical, mental and emotional injuries.

Brian K Hart -Clerk of Court

## COUNT 1
## NEGLIGENCE

13.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

Defendant HH Savannah, Defendant HHC TRS Savannah and/or Defendant Hyatt Corporation owed Plaintiff a non-delegable duty of reasonable care and keeping their Premises and property safe for individuals like Plaintiff.

15.

Defendant HH Savannah, Defendant HHC TRS Savannah and/or Defendant Hyatt Corporation were negligent in failing give adequate notice of concealed and hazardous conditions in the area where the incident occurred, in failing to inspect and/or maintain the door, and in failing to keep their property safe for individuals like Plaintiff.

16.

Defendant HH Savannah, Defendant HHC TRS Savannah and/or Defendant Hyatt Corporation were negligent in failing to inspect, maintain, and/or repair the door to ensure it was safe. More specifically, Defendants knew or should have known that this particular subject door was dangerous, unsafe, dysfunctional and posed a hazard to individuals such as Plaintiff.

17.

Defendant HH Savannah, Defendant HHC TRS Savannah and/or Defendant Hyatt Corporation's negligence and/or recklessness was the sole and proximate cause of the Incident, and of plaintiff's resulting injuries.

 Brian K. Hart -Clerk of Court

## COUNT 2
## DAMAGES

18.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

As a direct result of Defendants' negligence and/or recklessness, Plaintiff suffered traumatic and permanent psychological and physical injuries, including but not limited to injuries to her left side, including a left hip fracture, and has also incurred reasonable medical expenses necessary to treat those injuries, in amounts which will be proven at the time of trial, as well as sustaining severe physical and emotional pain and suffering. All of Plaintiff's damages will continue into the future, to the extent said injuries are permanent.

20.

In addition to the foregoing damages, Plaintiff avers that as a direct and proximate result of the aforementioned acts of negligence and/or recklessness of Defendants, she was caused to suffer and incur the following injuries and damages for which he seeks to recover:

    (a) Personal injuries;

    (b) Pain and suffering;

    (c) Disability;

    (d) Disfigurement;

    (e) Mental anguish;

    (f) Loss of the capacity for the enjoyment of life;

    (g) Travel expenses for seeking medical treatment;

    (h) Other related incidental expenses;

    (i) Permanent injuries; and

(j)  Future medical expenses.


**WHEREFORE,** Plaintiff prays that process and summons be issued for service upon Defendants in accordance with Georgia law, and that she has a trial on all issues, and judgment against Defendants, as follows:

(a)  For past and future medical and doctor expenses in an amount to be proven through the evidence at the trial;

(b)  For past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(c)  For past and future travel expenses for seeking medical treatment in amounts to be proven through the evidence;

(d)  That a jury be impaneled to resolve all factual disputes;

(e)  For such other and further relief the Court deems just and proper; and

(f)  That plaintiff be allowed to freely amend this Complaint in order to avoid manifest injustice.

Dated this 19th day of October, 2022.

**FARAH & FARAH, P.A.**

BRADLEY S. ROBINSON
Georgia Bar No. 769787
*ATTORNEY FOR PLAINTIFF*

12016 Abercorn Street
Savannah, GA  31419
T: (912) 999-2075
F: (912) 999-2078
brobinson@farahandfarah.com
j.williams@farahandfarah.com

 *Brian K Hart* -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOAN ULINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. STCV22-01806 |
| | § | |
| HH SAVANNAH LLC, HHC TRS | § | |
| SAVANNAH LLC d/b/a HYATT REGENCY | § | |
| SAVANNAH, HYATT CORPORATION and | § | |
| JOHN DOES 1-3, | § | |
| | § | |
| Defendants. | § | |

## RULE 5.2 CERTIFICATE OF DISCOVERY

COMES NOW Plaintiff, Joan Ulino, by and through her attorney of record, and certifies that, pursuant to Uniform Superior Court Rule 5.2 that the following pleadings have been served:

*1. PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, HH SAVANNAH LLC.*

along with the Certificate of Discovery upon the following defendant by efiling a true and exact copy of the same with Odyssey efiling service, to be service by sheriff service at the following address:

HH SAVANNAH LLC
c/o registered agent, Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

This the 19th day of October, 2022.

FARAH & FARAH, P.A.

BRADLEY S. ROBINSON
Georgia Bar No. 769787
*ATTORNEY FOR PLAINTIFF*

12016 Abercorn Street
Savannah GA 31419
T: (912) 999-2075
F: (912) 999-2078
brobinson@farahandfarah.com
j.williams@farahandfarah.com

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JOAN ULINO,                               §
                                          §
     Plaintiff,    §
v.                                        §  Civil Action No.:
                                          §
HH SAVANNAH LLC, HHC TRS                  §
SAVANNAH LLC d/b/a HYATT REGENCY          §
SAVANNAH, HYATT CORPORATION and           §
JOHN DOES 1-3,                            §
                                          §
     Defendants.   §

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO DEFENDANT, HH SAVANNAH LLC

    **COMES NOW**, Plaintiff in the above-styled action, and pursuant to O.C.G.A. §§§ 9-11-33, 9-11-34, 9-11-36 hereby requests that **HH SAVANNAH LLC** (hereinafter referred to as "Defendant") answer this Request for Production and Interrogatories in the above styled action. Compliance with this request for production and interrogatories may be made by mailing copies of the requested items to Farah & Farah, P.A., 12016 Abercorn Street, Savannah, Georgia 31419. These requests are deemed to be continuing in nature and supplemental responses shall be required as set forth in O.C.G.A. § 9-11-26(e).

## DEFINITIONS OF TERMS USED HEREIN

    For the purpose of this Request to Produce Documents and Interrogatories, the following terms shall have the following meanings:

    a) "You" or "Your" shall mean **Defendant**, and each of its present or former agents, employees, and representatives, and each person who, with respect to the subject matter of the category of the Request, is or was acting on its behalf or under its direction or control.

b) The terms "relate to" or "relating to" shall mean constituting, referring to, stating, describing, recording, embodying, memorializing, mentioning, studying, analyzing, discussing, commenting on, specifying, listing, summarizing, reviewing, or identifying.

c) The term "communication" shall mean the transfer of any information, whether written, oral, or by any other means.

d) The term "person" shall mean and include a natural person or persons, a group of natural persons acting as individuals, or a group of natural persons acting in a collegial capacity (e.g., as a committee, board of directors, etc.) an association, corporation, partnership, federal, state, or local agency, and any other entity, unless otherwise limited herein.

e) The term "door" shall mean automatic door located at 2 W Bay Street, Savannah, Georgia 31401 as described in Plaintiff's Complaint.

f) The term "documents" shall mean all hand written, printed, typed, recorded, or graphic matter of every type and description, however, and by whomever prepared, produced, reproduced, disseminated, or made, in any form which is or was in Defendant's, actual or constructive possession, custody, or control, including, but not limited to, all records, files, writings, letters, minutes, correspondence, mailgrams, telegrams, bulletins, instructions, resolutions, charts, literature, work assignments, reports memoranda, notations of telephone or personal conversations or conferences, transcripts, contracts, agreements, canceled checks, interoffice communications, logs, notes, notebooks, ledgers, cards, drafts, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets, computer data compilations, work sheets,

statistics, speeches, and other writings, tapes, sound records, and data compilations, from which information can be obtained or can be translated through detection devices into reasonably visible form, or any other tangible thing. The terms "documents and materials" shall also mean each copy which is not identical to the original, and all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents and materials, whether used or not.

g) The term "subject matter of the actions" shall mean all the acts, omissions, representations, occurrences, and conditions alleged in this action.

h) "Premises in Question" or "Subject Property" shall be the property located at 2 W Bay Street, Savannah, Georgia 31401.

i) "Incident" or "Event" or "Incident" or "Occurrence" shall mean the incident involving the subject door as described in Plaintiff's Complaint which occurred on or about November 7, 2020, at property located at 2 W Bay Street, Savannah, Georgia 31401.

## INSTRUCTIONS

1.    No category specified herein is intended to, nor shall, supersede, exclude, or restrict the scope of any other category.

2.    To the extent that any documents are furnished by Defendant in connection with any category, they may be omitted by said Defendant when responding to any subsequent category.

3.    If the Defendant claims privilege or attorney work product protection for any document, or response, said Defendant is hereby requested to identify each document or response and state the specific basis for the claim of privilege or work product protection, providing the following information:

a) the subject matter of the document or response;
b) the title, heading, or caption of the document, if any;
c) the identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof;
d) the date appearing on the document, or if no date appears thereon, the date or approximate date on which the document was prepared;
e) the general nature or description of the document (whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages of which it consists.

4.    In producing the documents and materials requested herein, Defendant may omit unmarked copies of the pleadings filed in this action.

5.    In producing the documents and materials requested herein, Defendant is requested to produce such documents and materials as they are kept in the usual course of business or organized and labeled to correspond with the document category to which they are responsive.

6.    In producing the documents and materials requested herein, Defendant is required to produce documents and materials located at his home, offices, storage units or other facilities.

7.    All requests are continuing in nature.

## I. DOCUMENTS AND MATERIALS TO BE PRODUCED

### 1.

Please produce a complete copy of any and all insurance policies, including liability, "umbrella" or "excess" insurance, which may be liable to indemnify, reimburse or satisfy all or any part of a judgment against Defendant.

### 2.

Produce true, accurate and complete copies of all written and/or transcribed statements relating to the subject incident, specifically including, but not limited to, any statements taken from the Plaintiff or anyone acting on her behalf.

-4-

3.

Please produce true, accurate and complete copies of any and all statements -- whether oral, written, recorded, transcribed, summarized, or otherwise memorialized -- of any witness (including yourself) or other individual purporting to have knowledge of any issue in this case.

## EXPERTS

4.

Please produce true, accurate and complete copies of any report(s) of each and every individual you expect to call at the trial of this matter to offer opinion or expert testimony in any way related to the subject incident or to any issue in this matter.

5.

Please produce true, accurate and complete copies of any and all correspondence to and from each and every individual you expect to call to trial to offer opinion or expert testimony in any way related to the subject incident or to any issue in this matter.

6.

Please produce true, accurate and complete copies of the complete file -- including all materials reviewed, considered, inspected, authored, generated, or created in any way -- of each individual you expect to call at the trial of this matter to offer opinion or expert testimony in any way related to the subject incident or to any issue in this matter.

7

Any treatises or authoritative literature on which any expert intends to rely in his testimony in this case.

## SUBJECT INCIDENT

### 8.

Please produce a true, accurate and complete copy of the investigative file in its entirety, by whatever name called, for the subject incident.

### 9.

Please produce true, accurate and complete copies of any and all memoranda, reports, or other documents relating to the subject incident prepared by you or on your behalf.

### 10.

Please produce true, accurate and complete copies of any and all files or documents maintained by you relative to Plaintiff.

### 11.

Any contract between Defendant and any person or entity responsible for the install, maintenance and/or repair for the subject door which caused Plaintiff's injuries as alleged in Plaintiff's Complaint.

### 12.

Any indemnity agreement between any of the parties to this case.

### 13.

Any indemnity agreement between any party to this case and nonparty which is relevant to the subject incident and injuries which made the basis of this suit.

### 14.

Any joint venture agreement between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, advertising, security or other service of or for the premises in question at the time of Plaintiff's injuries.

15.

Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, inspection, and service of the door in question at the time of Plaintiff's injuries.

16.

Any and all photographs, video/video surveillance or digital recordings that Defendant has of the scene of incident or the resulting injuries to the Plaintiff.

17.

Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

18.

All premises inspection reports, photographs or other documents relating to the subject door on the subject premises by any person or entity, including Defendant, for the three (3) years prior to November 7, 2020 and the ninety (90) days after.

19.

Any maintenance records and/or repair orders for or relating to the subject door of the subject premises by any person or entity, including Defendant, for the three (3) years prior to November 7, 2020 and the ninety (90) days after.

20.

Any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

21.

Any and all documents or tangible things whose production has not been requested pursuant to any other item of this request which you intent to offer into evidence at the trial of this case.

22.

All documents which reflect or relate to any inspection, repairs or maintenance of the door involve in the incident that occurred on November 7, 2020.

23.

Please produce any complaint and/or incident reports regarding the door on the Subject Property involved in the subject incident that may have occurred between January 1, 2015 and November 7, 2020.

24.

Please produce all maintenance logs regarding the subject door.


## II. FIRST INTERROGATORIES

Pursuant to O.C.G.A. § 9-11-33(a), you are requested to answer each interrogatory separately and fully in writing under oath, unless object to, in which event the reasons for objection must be stated in lieu of an answer. Your answer is requested within forty-five (45) days from the date of service pursuant to O.C.G.A. § 9-11-33(a)(2).

1.

Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this Court, or that service of process has been deficient on you in this matter? If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

2.

Other than your response to Interrogatory 1, do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law? If so, please identify any such contentions and describe and state with specificity all factual and legal bases supporting any such contention(s).

3.

State with specificity each and every fact that supports each affirmative defense raised in Defendant's responsive pleadings, regardless of whether such defense(s) is/are legal, equitable, factual, negative, or affirmative, specifically including, but not limited to, any claims of contributory negligence on the part of Plaintiff.

4.

Describe in detail how you contend the subject incident occurred and how you contend Plaintiff suffered his injuries.

5.

If Defendant contends that Plaintiff's injuries were caused in whole or in part by a third party, provide the following information as to each such third party: (a) name and address for service of process; and (b) every fact on which you base your contention.

6.

Identify any and all expert witnesses you expect to call at the trial of this matter (as defined above), providing for each such expert the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

of the individual interviewed; (b) the date of the interview; and (c) the name, address, and telephone number of the person who conducted the interview.

12.

Was an investigation or report made by or on behalf of you, your representatives, attorneys, or insurers, of or relating to the incident made the basis of this lawsuit? If your answer is in any way in the affirmative, as to each such investigation or report, please state the name, address, job title and description, and telephone number of the person(s) who participated in such investigation or report and who have received and/or currently have custody or control of any written report or other documentation of the investigation.

13.

Please state the following for the subject premises:

(a)    the name and address of the owner of the subject premises on November 7, 2020;

(b)    the name and address of the owner of the subject premises currently;

(c)    the name and address of the owner of the corporation doing business as Hyatt Regency Savannah currently;

(d)    the name and address of the person or entity in exclusive possession and/or control of the subject premises on November 7, 2020;

(e)    the name and address of the person or entity in exclusive possession and/or control of the subject premises currently; and,

(f)    the name and address of the person or entity with knowledge regarding the maintenance of the door which injured Plaintiff.

14.

Identify your corporate representative competent and with knowledge to testify pursuant to O.C.G.A. § 9-11-30(b)(6), regarding the total number of complaints involving

any allegation the subject premises was in a defective, hazardous, or otherwise dangerous condition in or around the door and, for each such complaint, provide the name, address, and telephone number of the complainant; describe the nature of the complaint; identify the injuries alleged to have occurred as a result of the defective, hazardous, or otherwise dangerous condition. Also, state when and how you became aware of such complaint(s).

15.

Identify your corporate representative competent and with knowledge to testify pursuant to O.C.G.A. § 9-11-30(b)(6), regarding all complaints, claims, and lawsuits made against the Defendant from November 7, 2020, to the present.

16.

Please state whether or not any surveillance tapes, videotapes, or audio recordings were operating on the premises at the time of the incident which forms the subject matter of Plaintiff's Complaint. If your answer is yes, please state:

a. Whether the camera recorded any portion of the incident complained of or events immediately thereafter;

b. The present location of any videotape or digital recording which recorded any portion of the incident complained of or any events immediately thereafter;

c. Your policy for retaining and maintaining videotapes or digital recordings of injuries which occur on your premises.

17.

Please identify each insurance policy or policies which would be or may be used to satisfy or indemnify part or all of the judgment which may be entered in this case, including:

a. The writer of said policy or policies;

b. The local agent or representative who sold said policy or policies;

c. The policy number or numbers;

d. The policy coverage limits; and

e. The named insured or insured's.

18.

Please state whether or not there was any excess liability or "umbrella" insurance policy in effect as of November 7, 2020 which would be or may be used to satisfy or indemnify part or all of the judgment which may be entered in this case, including:

    a. The writer of said policy or policies;

    b. The local agent or representative who sold said policy or policies;

    c. The policy number or numbers;

    d. The policy coverage limits; and

    e. The named insured or insured's.

19.

Please identify each person(s) who compiled the information contained in your responses to Plaintiff's interrogatories and requests for production in this matter.

20.

Please state whether or not Defendant consulted with, and/or have an agreement with any door contractor, or similar specialist, within five (5) years prior to or after the subject incident, regarding the replacement, repair and/or maintenance of the subject door at or near the area of Plaintiff's fall. If so, how often were they contacted and provided maintenance to the subject door?

21.

Who installed the subject door and when was it installed?

22.

Was the subject door inspected after the incident that described in Plaintiff's Complaint? If so, please state: (a) his or her name, address and telephone number; (b) job title as of date of incident; and (c) if a report was generated following the inspection.

-13-

23.

Were there any formal and/or informal complaints or issues report about the subject door prior to the subject incident? If so, please state: (a) his or her name, address and telephone number; (b) job title as of date of incident, and (c) a description of the complaint made.

24.

If Defendant alleges that another company was responsible for the maintenance and/or repair of the subject door, please state their name and address.

25.

If Defendant alleges that a non-party caused the injuries, please state the name and address of the non-party, and the description of Defendant's claim.

Dated this 19 day of October, 2022.

FARAH & FARAH, P.A.

BRADLEY SCOTT ROBINSON
Georgia Bar No. 769787
*ATTORNEY FOR PLAINTIFF*

12016 Abercorn Street
Savannah, GA 31419
T: (912) 999-2075
F: (912) 999-2078
brobinson@farahandfarah.com
j.williams@farahandfarah.com

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of <u>Chatham</u> County

| For Clerk Use Only | |
|---|---|
| Date Filed <u>10/19/2022</u><br>**MM-DD-YYYY** | Case Number <u>STCV22-01806</u> |

**Plaintiff(s)**
Ulino, Joan

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
HH Savannah LLC

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

HHC TRS Savannah LLC d/b/a Hyatt Regency Savannah

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

Hyatt Corporation

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

John Doe 1-3

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney <u>Bradley S. Robinson</u> State Bar Number <u>769787</u> Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

<u> </u>
Case Number     <u> </u> Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

<u> </u> **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

*Brian K. Hart* -Clerk of Court

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOAN ULINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. STCV22-01806 |
| v., | § | |
| | § | |
| HH SAVANNAH LLC, HHC TRS | § | |
| SAVANNAH LLC d/b/a HYATT REGENCY | § | |
| SAVANNAH, HYATT CORPORATION and | § | |
| JOHN DOES 1-3, | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served Defendant HH Savannah LLC with the foregoing RULE 5.2 CERTIFICATE OF DISCOVERY by efiling a true and exact copy of the same with Odyssey efiling service, to be serviced by sheriff service at the following address:

HH Savannah LLC
c/o registered agent, Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

This the 19th day of October, 2022.

Respectfully Submitted,

**FARAH & FARAH, P.A.**

BRADLEY S. ROBINSON
Georgia Bar No. 769787
*ATTORNEY FOR PLAINTIFF*

12016 Abercorn Street
Savannah GA 31419
T: (912) 999-2075
F: (912) 999-2078
brobinson@farahandfarah.com
j.williams@farahandfarah.com

 *Brian K. Hart* -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOAN ULINO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No.: STCV22-01806 |
| | § | |
| HH SAVANNAH LLC, HHC TRS | § | |
| SAVANNAH LLC d/b/a HYATT REGENCY | § | |
| SAVANNAH, HYATT CORPORATION and | § | |
| JOHN DOES 1-3, | § | |
| | § | |
| Defendants. | § | |

### MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff Joan Ulino filing this Motion pursuant to O.C.G.A. § 9-11-4 and hereby asks this Honorable Court for an Order authorizing a private process server to serve on the above-named Defendants a copy with the Summons, Complaint and Discovery. In support of this motion, Plaintiff states:

1.

Due to the timely nature required to perfect service, it is reasonably believed that service by the Sheriff's Department will be difficult.

2.

Plaintiff has contacted Kalya Bridges and/or Agents of Wilson Investigation Network, Process Server and investigator who may be able to locate and personally serve the Defendants if authorized to do so by the Court.

3.

The above-named process server is not a party to this action, is not related to me by blood or marriage, and is not my employee or that of Plaintiff's attorney.



4.

The above-named process server is a citizen of the United States of America and is above

the age of eighteen.


**THEREFORE**, Plaintiff respectfully asks for permission to have the above listed

person as special agents to perfect service of the *Summons* and *Complaint* filed herein upon the

Defendants.

This the 20th day of October, 2022.

FARAH & FARAH, P.A.

BRADLEY S. ROBINSON
Georgia Bar No. 769787
*ATTORNEY FOR PLAINTIFF*

12016 Abercorn Street
Savannah, GA 31419
T: (912) 999-2075
F: (912) 999-2078
brobinson@farahandfarah.com
j.williams@farahandfarah.com

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JOAN ULINO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No.: STCV22-01806 |
| | § | |
| HH SAVANNAH LLC, HHC TRS | § | |
| SAVANNAH LLC d/b/a HYATT REGENCY | § | |
| SAVANNAH, HYATT CORPORATION and | § | |
| JOHN DOES 1-3, | § | |
| | § | |
| Defendants. | § | |

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

Plaintiff's *Motion for Appointment of Private Process Server* having been read and considered, and it appearing to the Court that sufficient grounds exist for the granting thereof pursuant to O.C.G.A. § 9-11-4(c), it is HEREBY ORDERED that KAYLA BRIDGES AND/OR AGENTS OF WILSON INVESTIGATION NETWORK is hereby appointed as special process server for the above-captioned case.

This_____day of October 2022.

_____
JUDGE
CHATHAM COUNTY STATE COURT

*Brian M. Hart* -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JOAN ULINO,                                          §
                                                     §
      Plaintiff,                            §
v.                                                   §          Civil Action No.: STCV22-01806
                                                     §
HH SAVANNAH LLC, HHC TRS                             §
SAVANNAH LLC d/b/a HYATT REGENCY                     §
SAVANNAH, HYATT CORPORATION and                      §
JOHN DOES 1-3,                                       §
                                                     §
      Defendants.                           §

### ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

Plaintiff's *Motion for Appointment of Private Process Server* having been read and considered, and it appearing to the Court that sufficient grounds exist for the granting thereof pursuant to O.C.G.A. § 9-11-4(c), it is HEREBY ORDERED that KAYLA BRIDGES AND/OR AGENTS OF WILSON INVESTIGATION NETWORK is hereby appointed as special process server for the above-captioned case.

This __21__ day of October 2022.

JUDGE
CHATHAM COUNTY STATE COURT

 *Brian K. Hart* -Clerk of Court

# AFFIDAVIT OF SERVICE

**State of Georgia**               **County of Chatham**               **State Court**

Case Number: STCV22-01806



Plaintiff: **JOAN ULINO,**

vs.

Defendant: **HH SAVANNAH LLC, HHC TRS SAVANNAH LLC d/b/a HYATT REGENCY SAVANNAH, HYATT CORPORATION and JOHN DOES 1-3,**

For: FARAH AND FARAH - SAVANNAH

Received by Wilson Investigation Network on the 21st day of October, 2022 at 4:09 pm to be served on HYATT CORPORATION, 2 SUN COURT,, SUITE 400, PEACHTREE CORNERS, GA 30092. I, Cayla Bridges , being duly sworn, depose and say that on the 26 day of October , 2022 at 1 :16 p m., executed service by delivering a true copy of the **Summons, Complaint for Damages, General Civil and Domestic Relations Case Filing Information Form and Order for Appointment of Private Process Servers** in accordance with state statutes in the manner marked below:

(X) PUBLIC AGENCY: By serving Alicia Smith as authorized agent of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as _____

( ) CORPORATE SERVICE: By serving _____ as _____

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____

Age 32 Sex M () Race black Height 5'9" Weight 137 Hair black Glasses Y (N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 26 day of October , 22 by the affiant who is personally known to me.

NOTARY PUBLIC

PROCESS SERVER # 13346
Appointed in accordance with State Statutes

**Wilson Investigation Network**
**2976 US HWY 84 W**
**Blackshear, GA 31516**
**(912) 807-9461**

Our Job Serial Number: 2022000584
Ref: JOAN ULINO

[Notary Seal: THOMAS DAVID GIBBS III, My Commission Expires, NOTARY PUBLIC, 9-27-2024, GWINNETT COUNTY, GEORGIA]

Copyright © 1992-2022 DreamBuilt Software, Inc - Process Server's Toolbox V8 2k

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Chatham**                    **State Court**

Case Number: STCV22-01806

Plaintiff: **JOAN ULINO,**
vs.
Defendant: **HH SAVANNAH LLC, HHC TRS SAVANNAH LLC d/b/a HYATT REGENCY SAVANNAH, HYATT CORPORATION and JOHN DOES 1-3,**

WIN2022000583

For: FARAH AND FARAH - SAVANNAH

Received by Wilson Investigation Network on the 21st day of October, 2022 at 4:09 pm to be served on **HHC TRS Svannah LLC b/d/a Hyatt Regency Savannah, 2 SUN COURT,, SUITE 400, PEACHTREE CORNERS, GA 30092** I, _____, being duly sworn, depose and say that on the _____ day of _____, 20__ at _____ .m., executed service by delivering a true copy of the **Summons, Complaint for Damages, Rule 5.2 Certificate of Service of Discovery, Certificate of Service, Plaintiff's First Request for Production of Documents and Interrogatories to Defendant, HHC TRS Savannah LLC d/b/a Hyatt Regency Savannah, General Civil and Domestic Relations Case Filing Information Form and Order for Appointment of Private Process Servers** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency

( ) SUBSTITUTE SERVICE: By serving _____ as _____

( ) CORPORATE SERVICE: By serving _____ as _____

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____

( )NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____

Age 32  Sex M (F)  Race _____  Height 5'9"  Weight 157  Hair black  Glasses Y (N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 26 day of _____, 22 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Wilson Investigation Network**
**2976 US HWY 84 W**
**Blackshear, GA 31516**
**(912) 807-9461**

Our Job Serial Number: 2022000583
Ref: JOAN ULINO

Copyright © 1992-2022 DreamBuilt Software, Inc - Process Server's Toolbox V8 2k

*(Notary seal: THOMAS DAVID GIBBS III, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA, My Commission Expires 8-27-2024)*

 *Brian K. Hart* -Clerk of Court

# AFFIDAVIT OF SERVICE

**State of Georgia**          **County of Chatham**          **State Court**

Case Number: STCV22-01806

Plaintiff: **JOAN ULINO,**
vs.
Defendant: **HH SAVANNAH LLC, HHC TRS SAVANNAH LLC d/b/a HYATT REGENCY SAVANNAH, HYATT CORPORATION and JOHN DOES 1-3,**



WIN2022000582

For: FARAH AND FARAH - SAVANNAH

Received by Wilson Investigation Network on the 21st day of October, 2022 at 4:09 pm to be served on HH SAVANNAH LLC, 2 SUN COURT,, SUITE 400, PEACHTREE CORNERS, GA 30092 I, _Paula Badges_, being duly sworn, depose and say that on the _25_ day of _October/2022_ at _1:16_ p/m., executed service by delivering a true copy of the **Summons, Complaint for Damages, Rule 5.2 Certificate of Service of Discovery, Certificate of Service, Plaintiff's First Request for Production of Documents and Interrogatories to Defendant, HH Savannah LLC, General Civil and Domestic Relations Case Filing Information Form and Order for Appointment of Private Process Servers** in accordance with state statutes in the manner marked below:

(X) PUBLIC AGENCY: By serving _Alicia Smith_ as _authorized agent_ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as

( ) CORPORATE SERVICE: By serving _____ as

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:**_____

Age _32_ Sex M (F) Race _black_ Height _5'9"_ Weight _157_ Hair _black_ Glasses Y (N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _26_ day of _October_, _22_ by the affiant who is personally known to me.

NOTARY PUBLIC

PROCESS SERVER # _CPS346_
Appointed in accordance with State Statutes

**Wilson Investigation Network**
**2976 US HWY 84 W**
**Blackshear, GA 31516**
**(912) 807-9461**

Our Job Serial Number: 2022000582
Ref: JOAN ULINO

Copyright © 1992-2022 DreamBuilt Software, Inc - Process Server's Toolbox V8 2k



## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JOAN ULINO,               )
                                  )
     Plaintiff,           )
                                  )       CIVIL ACTION FILE
v.                           )       NO. STCV22-01806
                                  )
HH SAVANNAH LLC, HHC TRS    )
SAVANNAH LLC d/b/a Hyatt Regency  )
Savannah, HYATT CORPORATION and )
JOHN DOES 1-3          )       TRIAL BY JURY DEMANDED
                                  )
     Defendants.        )
                                  )

## DEFENDANT HH SAVANNAH, LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant HH Savannah LLC ("HH Savannah") files its Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

HH Savannah answers the numbered paragraphs in Plaintiff's Complaint as follows:

### PARTIES

1.

HH Savannah is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the same.

2.

HH Savannah admits that it is a Delaware limited liability company, with its principal place of business in Texas; it is authorized to transact business in Georgia. HH Savannah admits it is the fee simple owner of the Hyatt Regency Savannah located at 2 West Bay Street (the "Hotel"). HH Savannah admits that it may be served through with process in accordance with Georgia law.

3.

On information and belief, HH Savannah admits that HHC TRS Savannah, LLC is a Delaware company with its principal place of business in Texas; it is authorized to transact business in Georgia. It may be served with process in accordance with applicable law.

4.

On information and belief, HH Savannah admits that Hyatt Corporation is a Delaware company with its principal place of business in Illinois; it is authorized to transact business in Georgia. It may be served with process in accordance with applicable law.

5.

HH Savannah is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies the same.

6.

HH Savannah is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies the same.

7.

Admitted.

**BACKGROUND**

8.

HH Savannah is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies the same.

9.

Denied.



10.

HH Savannah is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies the same.

11.

Denied

12.

Denied.

**COUNT I**
**NEGLIGENCE**

13.

HH Savannah hereby incorporates its answers to Paragraphs 1 through 12 as if the same were fully restated herein.

14.

HH Savannah admits that certain duties arise, or may arise, by operation of law, but HH Savannah denies that it breached any such duties and denies that it was negligent.

15.

Denied.

16.

Denied.

17.

Denied.



**COUNT II**
**DAMAGES**

18.

HH Savannah hereby incorporates its answers to Paragraphs 1 through 17 as if the same were fully restated herein.

19.

Denied.

20.

HH Savannah denies the allegations in Paragraph 20, including subparts (a) through (j). Further, HH Savannah denies all allegations in Plaintiff's unnumbered "WHEREFORE" Paragraph including subparts (a) through (f).

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

HH Savannah did not breach any duty owed to Plaintiff. HH Savannah is not liable or responsible to Plaintiff for negligence and/or violation of any code, statute, or section of law.

**FOURTH DEFENSE**

Any allegations, claims, contentions, demands, and/or prayers for relief not expressly admitted by HH Savannah are hereby denied, including any "WHEREFORE" clauses.

**FIFTH DEFENSE**

The accident was caused in whole or in part by the negligence or other act or omission of Plaintiff and/or others over whom HH Savannah exercised no control and for whose actions HH Savannah is not responsible. Therefore, Plaintiff cannot recover from HH Savannah.



## SIXTH DEFENSE

Plaintiff's injuries and damages were caused by an intervening, superseding action for which HH Savannah is not liable or responsible.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred, in whole or part, by the doctrines of assumption of the risk, contributory negligence, and/or comparative negligence.

## EIGHTH DEFENSE

Plaintiff failed to mitigate her injuries and damages.

## NINTH DEFENSE

HH Savannah reserves the right to amend its Answer and Defenses to plead, inter alia, additional affirmative defenses as they become known during discovery.

## JURY DEMAND

HH Savannah demands a trial by a jury of 12 persons on all issues so triable.

## GENERAL DENIAL

Responding to each and every claim in Plaintiff's Complaint, HH Savannah denies that it is liable to Plaintiff in any way, either in law or equity. To the extent any paragraph, sentence, sub-paragraph, statement, or allegation in Plaintiff's Complaint is neither expressly admitted nor denied by the foregoing responsive answers and defenses, the same is hereby specifically denied. Furthermore, HH Savannah specifically denies that Plaintiff is entitled to any relief.

WHEREFORE, having fully answered Plaintiff's Complaint, HH Savannah requests that the Court enter judgment in favor of HH Savannah, award it fees and costs, and grant such other and further relief as may be just and proper.



Respectfully submitted this 22nd day of November 2022.

> **WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC**
>
> */s/ Cecilia D. Orozco*
> Jonathan R. Friedman
> Georgia Bar No. 277720
> P. Shane O'Neill
> Georgia Bar No. 297849
> Cecilia D. Orozco, Esq.
> Georgia Bar No. 562696
> 3344 Peachtree Road, N.E.
> Suite 2400
> Atlanta, Georgia 30326
> Tel: (404) 876-2700
> Fax: (404) 875-9433
> jfriedman@wwhgd.com
> soneill@wwhgd.com
> corozco@wwhgd.com
>
> *Attorneys for HH Savannah, LLC*

 -Clerk of Court

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served the foregoing pleading on all parties of

record in the foregoing matter by forwarding a copy of same via electronic mail as follows:

Bradley S. Robinson
FARAH & FARAH, P.A.
12016 Abercorn Street
Savannah, Georgia
brobinson@farahandfarah.com
j.williams@farahandfarah.com

*Counsel for Plaintiffs*

This 22nd day of November, 2022.

/s/ Cecilia D. Orozco
Cecilia D. Orozco

7

 -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JOAN ULINO,              )
                           )
     Plaintiff,         )
                           )     CIVIL ACTION FILE
v.                        )     NO. STCV22-01806
                           )
HH SAVANNAH LLC, HHC TRS   )
SAVANNAH LLC d/b/a Hyatt Regency  )
Savannah, HYATT CORPORATION and )
JOHN DOES 1-3         )     TRIAL BY JURY DEMANDED
                           )
     Defendants.      )
                           )

## DEFENDANT HYATT CORPORATION'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Hyatt Corporation ("Hyatt") files its Answer and Defenses to Plaintiff's

Complaint, showing the Court as follows:

### FIRST DEFENSE

Hyatt answers the numbered paragraphs in Plaintiff's Complaint as follows:

### PARTIES

1.

Hyatt is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 1 and, therefore, denies the same.

2.

On information and belief, Hyatt admits that HH Savannah, LLC is a Delaware company

with its principal place of business in Texas; it is authorized to transact business in Georgia.

Further, upon information and belief, it is the fee simple owner of the Hyatt Regency Savannah

located at 2 West Bay Street (the "Hotel"). It may be served with process in accordance with

applicable law.

3.

Upon information and belief, Hyatt admits that HHC TRS Savannah, LLC is a Delaware company with its principal place of business in Texas; it is authorized to transact business in Georgia. Further, upon information and belief, it operated and managed the Hotel. It may be served with process in accordance with applicable law.

4.

Hyatt admits that it is a Delaware company with its principal place of business in Illinois; it is authorized to transact business in Georgia. It may be served with process in accordance with applicable law. Hyatt denies the remaining allegations in Paragraph 4.

5.

Hyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies the same.

6.

Hyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies the same.

7.

Admitted.

**BACKGROUND**

8.

Hyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies the same.



9.

Denied.

10.

Hyatt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies the same.

11.

Denied

12.

Denied.

**COUNT I**
**NEGLIGENCE**

13.

Hyatt hereby incorporates its answers to Paragraphs 1 through 12 as if the same were fully restated herein.

14.

Hyatt admits that certain duties arise, or may arise, by operation of law, but Hyatt denies that it breached any such duties and denies that it was negligent.

15.

Denied.

16.

Denied.

17.

Denied.

 -Clerk of Court

**COUNT II**
**DAMAGES**

18.

Hyatt hereby incorporates its answers to Paragraphs 1 through 17 as if the same were fully restated herein.

19.

Denied.

20.

Hyatt denies the allegations in Paragraph 20, including subparts (a) through (j). Further, Hyatt denies all allegations in Plaintiff's unnumbered "WHEREFORE" Paragraph including subparts (a) through (f).

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Hyatt did not breach any duty owed to Plaintiff. Hyatt is not liable or responsible to Plaintiff for negligence and/or violation of any code, statute, or section of law.

**FOURTH DEFENSE**

Any allegations, claims, contentions, demands, and/or prayers for relief not expressly admitted by Hyatt are hereby denied, including any "WHEREFORE" clauses.

**FIFTH DEFENSE**

The accident was caused in whole or in part by the negligence or other act or omission of Plaintiff and/or others over whom Hyatt exercised no control and for whose actions Hyatt is not responsible. Therefore, Plaintiff cannot recover from Hyatt.

.

4

## SIXTH DEFENSE

Plaintiff's injuries and damages were caused by an intervening, superseding action for which Hyatt is not liable or responsible.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred, in whole or part, by the doctrines of assumption of the risk, contributory negligence, and/or comparative negligence.

## EIGHTH DEFENSE

Plaintiff failed to mitigate her injuries and damages.

## NINTH DEFENSE

Hyatt reserves the right to amend its Answer and Defenses to plead, *inter alia*, additional affirmative defenses as they become known during discovery.

## JURY DEMAND

Hyatt demands a trial by a jury of 12 persons on all issues so triable.

## GENERAL DENIAL

Responding to each and every claim in Plaintiff's Complaint, Hyatt denies that it is liable to Plaintiff in any way, either in law or equity. To the extent any paragraph, sentence, sub-paragraph, statement, or allegation in Plaintiff's Complaint is neither expressly admitted nor denied by the foregoing responsive answers and defenses, the same is hereby specifically denied. Furthermore, Hyatt specifically denies that Plaintiff is entitled to any relief.

WHEREFORE, having fully answered Plaintiff's Complaint, Hyatt requests that the Court enter judgment in favor of Hyatt, award it fees and costs, and grant such other and further relief as may be just and proper.



Respectfully submitted this 22nd day of November 2022.

**WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC**

*/s/ Cecilia D. Orozco*
Jonathan R. Friedman
Georgia Bar No. 277720
P. Shane O'Neill
Georgia Bar No. 297849
Cecilia D. Orozco, Esq.
Georgia Bar No. 562696
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
jfriedman@wwhgd.com
soneill@wwhgd.com
corozco@wwhgd.com

*Attorneys for Hyatt Corporation*

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this date served the foregoing pleading on all parties of

record in the foregoing matter by forwarding a copy of same via electronic mail as follows:

Bradley S. Robinson
FARAH & FARAH, P.A.
12016 Abercorn Street
Savannah, Georgia
brobinson@farahandfarah.com
j.williams@farahandfarah.com

*Counsel for Plaintiffs*

This 22nd day of November, 2022.

*/s/ Cecilia D. Orozco*
Cecilia D. Orozco

 -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JOAN ULINO,                )
                            )
      Plaintiff,           )
                            )       CIVIL ACTION FILE
v.                          )       NO. STCV22-01806
                            )
HH SAVANNAH LLC, HHC TRS     )
SAVANNAH LLC d/b/a Hyatt Regency  )
Savannah, HYATT CORPORATION and  )
JOHN DOES 1-3             )       TRIAL BY JURY DEMANDED
                            )
      Defendants.         )
                            )

## DEFENDANT HHC TRS SAVANNAH, LLC'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant HHC TRS Savannah LLC d/b/a Hyatt Regency Savannah ("HHC TRS") files its Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

HHC TRS answers the numbered paragraphs in Plaintiff's Complaint as follows:

### PARTIES

1.

HHC TRS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the same.

2.

On information and belief, HHC TRS admits that HH Savannah, LLC is a Delaware company with its principal place of business in Texas; it is authorized to transact business in Georgia. Further, upon information and belief, it is the fee simple owner of the Hyatt Regency Savannah located at 2 West Bay Street (the "Hotel"). It may be served with process in accordance

with applicable law.

3.

HHC TRS admits that it is a Delaware company with its principal place of business in Texas; it is authorized to transact business in Georgia. HHC TRS admits it operated and managed the Hotel. It may be served with process in accordance with applicable law.

4.

On information and belief, HHC TRS admits that Hyatt Corporation is a Delaware company with its principal place of business in Illinois; it is authorized to transact business in Georgia. It may be served with process in accordance with applicable law.

5.

HHC TRS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies the same.

6.

HHC TRS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies the same.

7.

Admitted.

**BACKGROUND**

8.

HHC TRS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies the same.

9.

Denied.

 -Clerk of Court

10.

HHC TRS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies the same.

11.

Denied

12.

Denied.

**COUNT I**
**NEGLIGENCE**

13.

HHC TRS hereby incorporates its answers to Paragraphs 1 through 12 as if the same were fully restated herein.

14.

HHC TRS admits that certain duties arise, or may arise, by operation of law, but HHC TRS denies that it breached any such duties and denies that it was negligent.

15.

Denied.

16.

Denied.

17.

Denied.



**COUNT II**
**DAMAGES**

18.

HHC TRS hereby incorporates its answers to Paragraphs 1 through 17 as if the same were fully restated herein.

19.

Denied.

20.

HHC TRS denies the allegations in Paragraph 20, including subparts (a) through (j). Further, HHC TRS denies all allegations in Plaintiff's unnumbered "WHEREFORE" Paragraph including subparts (a) through (f).

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

HHC TRS did not breach any duty owed to Plaintiff. HHC TRS is not liable or responsible to Plaintiff for negligence and/or violation of any code, statute, or section of law.

### FOURTH DEFENSE

Any allegations, claims, contentions, demands, and/or prayers for relief not expressly admitted by HHC TRS are hereby denied, including any "WHEREFORE" clauses.

### FIFTH DEFENSE

The accident was caused in whole or in part by the negligence or other act or omission of Plaintiff and/or others over whom HHC TRS exercised no control and for whose actions HHC TRS is not responsible. Therefore, Plaintiff cannot recover from HHC TRS.



**SIXTH DEFENSE**

Plaintiff's injuries and damages were caused by an intervening, superseding action for which HHC TRS is not liable or responsible.

**SEVENTH DEFENSE**

Plaintiff's Complaint is barred, in whole or part, by the doctrines of assumption of the risk, contributory negligence, and/or comparative negligence.

**EIGHTH DEFENSE**

Plaintiff failed to mitigate her injuries and damages.

**NINTH DEFENSE**

HHC TRS reserves the right to amend its Answer and Defenses to plead, *inter alia*, additional affirmative defenses as they become known during discovery.

**JURY DEMAND**

HHC TRS demands a trial by a jury of 12 persons on all issues so triable.

**GENERAL DENIAL**

Responding to each and every claim in Plaintiff's Complaint, HHC TRS denies that it is liable to Plaintiff in any way, either in law or equity. To the extent any paragraph, sentence, sub-paragraph, statement, or allegation in Plaintiff's Complaint is neither expressly admitted nor denied by the foregoing responsive answers and defenses, the same is hereby specifically denied. Furthermore, HHC TRS specifically denies that Plaintiff is entitled to any relief.

WHEREFORE, having fully answered Plaintiff's Complaint, HHC TRS requests that the Court enter judgment in favor of HHC TRS, award it fees and costs, and grant such other and further relief as may be just and proper.

 -Clerk of Court

Respectfully submitted this 22nd day of November 2022.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

/s/ Cecilia D. Orozco
Jonathan R. Friedman
Georgia Bar No. 277720
P. Shane O'Neill
Georgia Bar No. 297849
Cecilia D. Orozco, Esq.
Georgia Bar No. 562696
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
jfriedman@wwhgd.com
soneill@wwhgd.com
corozco@wwhgd.com

*Attorneys for HHC TRS Savannah, LLC*

 -Clerk of Court

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this date served the foregoing pleading on all parties of

record in the foregoing matter by forwarding a copy of same via electronic mail as follows:

Bradley S. Robinson
FARAH & FARAH, P.A.
12016 Abercorn Street
Savannah, Georgia
brobinson@farahandfarah.com
j.williams@farahandfarah.com

*Counsel for Plaintiffs*

This 22nd day of November, 2022.

/s/ *Cecilia D. Orozco*
Cecilia D. Orozco

7

 -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JOAN ULINO,                          )
                                     )
    Plaintiff,               )
                                     )          CIVIL ACTION FILE
v.                                   )          NO. STCV22-01806
                                     )
HH SAVANNAH LLC, HHC TRS             )
SAVANNAH LLC d/b/a Hyatt Regency     )
Savannah, HYATT CORPORATION and      )
JOHN DOES 1-3                        )          TRIAL BY JURY DEMANDED
                                     )
    Defendants.              )
                                     )
_____    )

## JOINT STIPULATION

Pursuant to O.C.G.A. § 9-11-6(b), Plaintiff Joan Ulino and Defendants HHC TRS Savannah, LLC and HH Savannah, LLC stipulate and agree that HHC TRS Savannah, LLC and HH Savannah, LLC shall have up to and including December 23, 2022 to respond, object, or otherwise move in response to Plaintiff's First Continuing Interrogatories, Requests for Production of Documents, and First Request for Admissions.

Dated this 12th day of December 2022.

*[Signatures on following page]*



**FARAH & FARAH**

/s/ Bradley S. Robinson
Bradley S. Robinson
Georgia Bar No. 769787
12016 Abercorn Street
Savannah, Georgia 31419
Tel: (912) 999-2075
Fax: (912) 999-2078
Brobinson@farahandfarah.com

*Attorneys for Plaintiff*

**WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC**

/s/ Cecilia D. Orozco
Jonathan R. Friedman
Georgia Bar No. 277720
P. Shane O'Neill
Georgia Bar No. 297849
Cecilia D. Orozco, Esq.
Georgia Bar No. 562696
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
jfriedman@wwhgd.com
soneill@wwhgd.com
corozco@wwhgd.com

*Attorneys for HHC TRS Savannah, LLC and
HH Savannah, LLC*

 -Clerk of Court

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was served on December 12, 2022, via

e-mail generated by Odyssey eFileGa to all parties as follows:

Bradley S. Robinson
FARAH & FARAH, P.A.
12016 Abercorn Street
Savannah, Georgia
brobinson@farahandfarah.com
j.williams@farahandfarah.com

*Counsel for Plaintiffs*

This 12th day of December, 2022.

/s/ Cecilia D. Orozco
Cecilia D. Orozco



## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JOAN ULINO,            )
                               )
       Plaintiff,         )
                               )     CIVIL ACTION FILE
v.                          )     NO. STCV22-01806
                               )
HH SAVANNAH LLC, HHC TRS   )
SAVANNAH LLC d/b/a Hyatt Regency )
Savannah, HYATT CORPORATION and )
JOHN DOES 1-3              )     TRIAL BY JURY DEMANDED
                               )
       Defendants.     )
                               )

## DEFENDANTS' RULE 5.2
## <u>CERTIFICATE OF DISCOVERY</u>

Defendants HH Savannah LLC ("HH Savannah") and HHC TRS Savannah, LLC ("HHC TRS") hereby certify that the following discovery was served on all counsel of record via electronic mail:

1. ***Defendant HH Savannah, LLC's Responses and Objections to Plaintiff's First Requests for Production of Documents and Interrogatories;***

2. ***Defendant HHC TRS Savannah, LLC's Responses and Objections to Plaintiff's First Requests for Production of Documents and Interrogatories;*** **and**

3. ***Defendants' Privilege Log.***

This 23rd day of December, 2022.

*{Signatures of Counsel on following page}*

 -Clerk of Court

**WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC**

*/s/ Cecilia D. Orozco*
Jonathan R. Friedman
Georgia Bar No. 277720
P. Shane O'Neill
Georgia Bar No. 297849
Cecilia D. Orozco, Esq.
Georgia Bar No. 562696

*Attorneys for HH Savannah, LLC*

3344 Peachtree Road, N.E.,
Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
jfriedman@wwhgd.com
soneill@wwhgd.com
corozco@wwhgd.com

- 2 -

 -Clerk of Court

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Certificate of Service of Discovery

was served upon all parties via ECF Odyssey, as follows:

Bradley S. Robinson
FARAH & FARAH, P.A.
12016 Abercorn Street
Savannah, Georgia
brobinson@farahandfarah.com
j.williams@farahandfarah.com

*Counsel for Plaintiffs*

This 23rd day of December, 2022.

/s/ *Cecilia D. Orozco*
Cecilia D. Orozco



## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JOAN ULINO, )
)
     Plaintiff, )
)
             CIVIL ACTION FILE
v. ) NO. STCV22-01806
)
HH SAVANNAH LLC, HHC TRS )
SAVANNAH LLC d/b/a Hyatt Regency )
Savannah, HYATT CORPORATION and )
JOHN DOES 1-3 ) TRIAL BY JURY DEMANDED
)
     Defendants. )
)

## DEFENDANT'S RULE 5.2
## CERTIFICATE OF SERVICE OF DISCOVERY

Defendant HHC TRS Savannah, LLC ("HHC TRS") hereby certifies that the following

discovery was served on all counsel of record via electronic mail:

*1. HHC TRS Savannah, LLC's First Continuing Interrogatories to Plaintiff;* **and**

*2. HHC TRS Savannah, LLC's First Requests for Production to Plaintiff.*

This 29th day of December, 2022.

**WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC**

*/s/ Cecilia D. Orozco*
Jonathan R. Friedman
Georgia Bar No. 277720
P. Shane O'Neill
Georgia Bar No. 297849
Cecilia D. Orozco, Esq.
Georgia Bar No. 562696
*Attorneys for HHC TRS Savannah, LLC*

3344 Peachtree Road, N.E.,
Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
jfriedman@wwhgd.com
soneill@wwhgd.com
corozco@wwhgd.com

 -Clerk of Court

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Certificate of Service of Discovery

was served upon all parties via ECF Odyssey, as follows:

Bradley S. Robinson
FARAH & FARAH, P.A.
12016 Abercorn Street
Savannah, Georgia
brobinson@farahandfarah.com
j.williams@farahandfarah.com
*Counsel for Plaintiffs*

This 29th day of December, 2022.

/s/ *Cecilia D. Orozco*
Cecilia D. Orozco

 *Brian K. Hart* -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JOAN ULINO,            )
                         )
     Plaintiff,         )
                         )     CIVIL ACTION FILE
v.                      )     NO. STCV22-01806
                         )
HH SAVANNAH LLC, HHC TRS   )
SAVANNAH LLC d/b/a Hyatt Regency  )
Savannah, HYATT CORPORATION and  )
JOHN DOES 1-3          )     TRIAL BY JURY DEMANDED
                         )
     Defendants.       )
_____  )

## CONSENT MOTION TO DISMISS WITHOUT
## PREJUDICE LESS THAN ALL PARTIES

Pursuant to O.C.G.A. §§ 9-11-21 and 9-11-41(a), Plaintiff Joan Ulino and Defendants HH Savannah, LLC, HHC TRS Savannah, LLC, and Hyatt Corporation (collectively, "the Parties"), by and through their undersigned counsel, move this Court for an Order dismissing HH Savannah, LLC and Hyatt Corporation without prejudice on the grounds HH Savannah, LLC and Hyatt Corporation are not the proper parties to the pending action.

The claims asserted against the remaining Defendant HHC TRS Savannah, LLC are not dismissed and will remain pending before the Court. The Parties consent to this Dismissal Without Prejudice with the agreement that this dismissal of less than all parties shall have no prejudicial effect on Plaintiff's claims against the remaining defendants. A proposed Order is being submitted as <u>Exhibit A</u> for the Court's consideration.

*{Signatures of counsel on following page}*

 *Brian K. Hart* -Clerk of Court

Respectfully submitted this 29th day of December, 2022.

**FARAH & FARAH, P.A.**

*/s/ Bradley S. Robinson*
Bradley S. Robinson
Georgia Bar No. 769787
12016 Abercorn Street
Savannah, Georgia 31419
Tel: (912) 999-2075
Fax: (912) 999-2078
Brobinson@farahandfarah.com

*Attorneys for Plaintiff*

**WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC**

*/s/ Cecilia D. Orozco*
Jonathan R. Friedman
Georgia Bar No. 277720
P. Shane O'Neill
Georgia Bar No. 297849
Cecilia D. Orozco, Esq.
Georgia Bar No. 562696
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
jfriedman@wwhgd.com
soneill@wwhgd.com
corozco@wwhgd.com

*Attorneys for HHC TRS Savannah, LLC,
HH Savannah, LLC, and Hyatt Corporation*



## **CERTIFICATE OF SERVICE**

This is to certify that I have on this date served the foregoing pleading on all parties of

record in the foregoing matter by forwarding a copy of same via electronic mail as follows:

Bradley S. Robinson
FARAH & FARAH, P.A.
12016 Abercorn Street
Savannah, Georgia
brobinson@farahandfarah.com
j.williams@farahandfarah.com

*Counsel for Plaintiffs*

This 29th day of December, 2022.

/s/ Cecilia D. Orozco
Cecilia D. Orozco

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 12/29/2022 11:40 AM

-Clerk of Court

# EXHIBIT A

 *Brian K. Hart* -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JOAN ULINO,                                    )
                                               )
     Plaintiff,                           )
                                               )        CIVIL ACTION FILE
v.                                             )        NO. STCV22-01806
                                               )
HH SAVANNAH LLC, HHC TRS                       )
SAVANNAH LLC d/b/a Hyatt Regency               )
Savannah, HYATT CORPORATION and                )
JOHN DOES 1-3                                  )        TRIAL BY JURY DEMANDED
                                               )
     Defendants.                          )
                                               )
_____               )

## ORDER GRANTING CONSENT MOTION FOR DISMISSAL
## <u>WITHOUT PREJUDICE OF LESS THAN ALL PARTIES</u>

     The above-captioned matter, having come before this Court on the Parties' Consent Motion for Dismissal Without Prejudice of Less than all Parties, and it appearing to the Court that the parties have consented to the Order, it is hereby ordered, that any and all claims against Defendants HH Savannah, LLC and Hyatt Corporation are dismissed without prejudice. The caption of the case will also be modified to reflect same. **The claims asserted against the remaining Defendant are not dismissed and will remain pending before this Court.**

     SO ORDERED this _____ day of _____, 2022.


                                    _____
                                      Derek White, Judge
                                      State Court of Chatham County



Prepared by:

*/s/ Cecilia D. Orozco*
Cecilia D. Orozco, Esq.
Georgia Bar No. 562696
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
corozco@wwhgd.com

*Attorneys for HH Savannah, LLC, HHC*
*TRS Savannah, LLC and Hyatt Corporation*

Agreed to by:

**FARAH & FARAH, P.A.**

*/s/ Bradley S. Robinson*
Bradley S. Robinson
Georgia Bar No. 769787
12016 Abercorn Street
Savannah, Georgia 31419
Tel: (912) 999-2075
Fax: (912) 999-2078
Brobinson@farahandfarah.com

*Attorneys for Plaintiff*



*Brian K. Hart* -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JOAN ULINO,                )
                               )
     Plaintiff,          )
                               )     CIVIL ACTION FILE
v.                         )     NO. STCV22-01806
                               )
HH SAVANNAH LLC, HHC TRS  )
SAVANNAH LLC d/b/a Hyatt Regency  )
Savannah, HYATT CORPORATION and  )
JOHN DOES 1-3            )     TRIAL BY JURY DEMANDED
                               )
     Defendants.       )
                               )

## ORDER GRANTING CONSENT MOTION FOR DISMISSAL
## WITHOUT PREJUDICE OF LESS THAN ALL PARTIES

The above-captioned matter, having come before this Court on the Parties' Consent Motion for Dismissal Without Prejudice of Less than all Parties, and it appearing to the Court that the parties have consented to the Order, it is hereby ordered, that any and all claims against Defendants HH Savannah, LLC and Hyatt Corporation are dismissed without prejudice. The caption of the case will also be modified to reflect same. **The claims asserted against the remaining Defendant are not dismissed and will remain pending before this Court.**

SO ORDERED this __6th___ day of _January_____, 2023.

_____
Derek White, Judge
State Court of Chatham County

 *Brian K. Hart* -Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOAN ULINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. STCV22-01806 |
| | ) | |
| HHC TRS SAVANNAH LLC d/b/a Hyatt | ) | |
| Regency Savannah and JOHN DOES 1-3 | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| | ) | |

### DEFENDANT'S RULE 5.2
### <u>CERTIFICATE OF DISCOVERY</u>

Defendant HHC TRS Savannah, LLC ("HHC TRS") hereby certify that the following

discovery was served on all counsel of record via electronic mail:

    *1.* ***Supplemental Production (Bates-stamped documents HHC 000001-HHC 000008).***

This 25th day of January, 2023.

 

 

**WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC**

<u>/s/ Cecilia D. Orozco</u>

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
jfriedman@wwhgd.com
soneill@wwhgd.com
corozco@wwhgd.com

Jonathan R. Friedman
Georgia Bar No. 277720
P. Shane O'Neill
Georgia Bar No. 297849
Cecilia D. Orozco
Georgia Bar No. 562696
*Attorneys for HH Savannah, LLC*



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Certificate of Service of Discovery

was served upon all parties via ECF Odyssey, as follows:

Bradley S. Robinson
FARAH & FARAH, P.A.
12016 Abercorn Street
Savannah, Georgia
brobinson@farahandfarah.com
j.williams@farahandfarah.com

*Counsel for Plaintiffs*

This 25th day of January, 2023.

/s/ Cecilia D. Orozco
Cecilia D. Orozco