IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOAN ULINO, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-30 |
| v. | |
| HHC TRS SAVANNAH LLC d/b/a HYATT REGENCY SAVANNAH, RICKS GLASS COMPANY, INC., and JOHN DOES 1–3, | |
| Defendants. | |

**O R D E R**

Presently before the Court is Defendant Ricks Glass Company, Inc.'s ("Ricks Glass") Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 22.) Plaintiff Joan Ulino brought this action seeking damages for injuries she sustained when an automatic sliding glass door, which was maintained by Ricks Glass, unexpectedly closed on her. (Doc. 17.) Plaintiff originally brought this action on October 19, 2022, against HHC TRS Savannah LLC d/b/a Hyatt Regency Savannah ("HHC"), in the State Court of Chatham County, alleging negligent maintenance of the door, (doc. 1-1), and HHC removed to this Court, (doc. 1). Plaintiff later discovered the involvement of Ricks Glass and amended her original complaint to add it as a party on March 3, 2023. (Doc. 17.) Ricks Glass now brings this Motion arguing that it was untimely named as a party, and the statute of limitations therefore bars Plaintiff's claims against it. (Doc. 22). The issue has been fully briefed. (Id.; docs. 25, 27.) For the reasons stated below, the Court **GRANTS** Ricks Glass's Motion. (Doc. 22.)

**BACKGROUND**

In the Amended Complaint, Plaintiff alleges that, on November 7, 2020, she was exiting HHC's premises in Savannah, Georgia, when the automatic door of the building unexpectedly closed on her. (Doc. 17, pp. 2–3.) This caused Plaintiff to lose her balance and fall to the ground, resulting in injuries. (Id. at p. 3.)

Plaintiff originally sued HHC and three "John Doe" defendants in the State Court of Chatham County on October 19, 2022. (Doc. 1-1.)[1] The John Doe defendants were named as potential parties "who may be liable for all or part of the neglig[ent] acts or omissions committed resulting in the subject incident" and "who may be associated and/or affiliated with" the named Defendants. (Id. at p. 4). HHC then removed the case to this Court, alleging diversity jurisdiction. (Doc. 1.)

According to Plaintiff, she first learned of Ricks Glass's involvement in maintaining the door in December 2022, when HHC responded to her interrogatories. (Doc. 25, p. 2; see doc. 25-2.) Plaintiff sought leave to amend the original complaint to add Ricks Glass as a defendant on February 27, 2023, which the Court granted as unopposed on March 3, 2023. (See docs. 15, 16.) The Amended Complaint was then filed with the Court on the same day, alleging claims of negligence against original Defendant HHC and Ricks Glass. (Doc. 17.) Ricks Glass then filed the at-issue Motion to Dismiss the Amended Complaint, arguing that the statute of limitations bars Plaintiff's cause of action against Ricks Glass. (Doc. 22.) Plaintiff filed a Response, (doc. 25), and Ricks Glass filed a Reply, (doc. 27).

---

[1] Two additional defendants, HH Savannah, LLC, and the Hyatt Corporation, were named in the original state court complaint but were dismissed by consent motion before the case was removed to this Court. (Doc. 1-3.)

**DISCUSSION**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). A motion to dismiss on statute of limitations grounds is only appropriate "if it is apparent from the face of the complaint" that the plaintiff's claims are time-barred. Gonsalvez v. Celebrity Cruises Inc., 750 F.3d 1195, 1197 (11th Cir. 2013). In other words, "[a] statute of limitations defense can support dismissal under Rule 12(b)(6) only if it is clear from the face of the complaint that the statute of limitations has run, and it appears beyond doubt that the plaintiff can prove no set of facts that toll the statute." Valencia v. Universal City Studios LLC, No. 1:14–CV–00528–RWS, 2014 WL 7240526, at *3 (N.D. Ga. Dec. 18, 2014).

Ricks Glass moves to dismiss Plaintiff's claims against it, arguing that the Amended Complaint shows that the statute of limitations had expired at the time of filing and does not allege facts sufficient to show that the statute was tolled. (Doc. 22.) Under Georgia law, the statute of limitations for personal injury claims is two years from the date of the incident. O.C.G.A. § 9-3-33. Plaintiff alleges that she was injured on November 7, 2020. (Doc. 17, p. 2.) Accordingly, the statute of limitations on her personal injury claim expired on November 7, 2022. Plaintiff's Amended Complaint adding Ricks Glass as a defendant was filed on March 3, 2023, nearly four months after the expiration of the applicable statute of limitations. (Doc. 17.) Thus, because the statute of limitations had expired, Plaintiff's claims against Ricks Glass can only survive if she shows that the statute was tolled.

Plaintiff argues that her claims against Ricks Glass relate back to the timely filed original complaint. (Doc. 25, pp. 4–8.) Federal Rule of Civil Procedure 15(c)(1) "allows federal courts sitting in diversity to apply relation-back rules of state law where, as here, state law provides the statute of limitations for the action." Saxton v. ACF Indus., Inc., 254 F.3d 959, 963 (11th Cir. 2001); see Fed. R. Civ. P 15(c)(1)(A) ("An amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back."). Under Georgia law, changing the party against whom a claim is brought relates back to the original complaint only when the party to be brought in: "(1) has received such notice of the institution of the action that [it] will not be prejudiced in maintaining [its] defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]." O.C.G.A. § 9-11-15(c).[2]

Additionally, "Georgia courts have held '[w]hen a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible, a motion to dismiss the barred claims properly is granted." Pate v. Michelin N. Am., Inc., No. 1:15-CV-2425-CAP, 2015 WL 12086090, at *2 (N.D. Ga. Sept. 8, 2015) (quoting Bailey v. Kemper Grp., 356 S.E.2d 695, 698 (Ga. Ct. App. 1987)); see also Milburn v. Nationwide Ins. Co., 491 S.E.2d 848, 851 (Ga. Ct. App. 1997) ("[I]n order for [the plaintiff] to invoke the tolling of the period of limitations, [her] complaint necessarily had to contain an allegation that the named defendant was on notice or should have been on notice that except for a mistake as to the real party the action would have been brought against [her].") (alterations

---

[2] Section 9-11-15(c) is also applicable when a plaintiff has not served an originally named, but unidentified, party (e.g., "John Doe") within the statutory limitations period. See Bailey v. Kemper Grp., 356 S.E.2d 695, 697 (Ga. Ct. App. 1987) (citing Sims v. Am. Cas. Co., 206 S.E.2d 121 (Ga. Ct. App. 1974)). As Plaintiff originally named three unidentified John Doe entities and now asserts that Ricks Glass is one such party, (doc. 25, pp. 2–3), Section 9-11-15(c) still applies.

adopted); Mullins v. Belcher, 284 S.E.2d 35, 36–37 (Ga. Ct. App. 1981) (finding that the complaint must sufficiently plead the grounds for tolling of the statute of limitations). Accordingly, for Plaintiff's claims to survive the present Motion to Dismiss, the Court must find that the Amended Complaint plausibly alleges that, on or before November 7, 2022, Ricks Glass (1) received notice of this action, and (2) knew or should have known that, but for a mistake concerning its identity, the action would have been brought against it.

Ricks Glass argues that Plaintiff's claims must fail because it "had no knowledge of any claim against it at least until the filing of Plaintiff's Amended Complaint" (on March 3, 2023), and it "had no reason to expect a lawsuit against it prior to the expiration of the statute of limitations." (Doc. 27, p. 3.) Nowhere in her Amended Complaint or her Response does Plaintiff provide any insight into how Ricks Glass would have been on notice of this action. (See generally docs. 17, 25.) Plaintiff only argues that Ricks Glass "likely" would have received notice of the lawsuit before the statute of limitations expired. (Doc. 25, p. 6.) Indeed, the only plausible fact Plaintiff argues to show knowledge (which is only argued in her Response and is not alleged in the Amended Complaint) is that Ricks Glass was asked to inspect the door one day after the incident, and thus the original defendants "*likely* passed the lawsuit and its allegations to Ricks Glass for comment and assistance after it was filed" almost two years later. (Id. (emphasis added).) The Court finds these speculative and unsupported allegations insufficient to overcome Section 9-11-15(c)'s requirements. There is simply no plausible allegation, or argument, that leads the Court to reason, beyond mere speculation, that Ricks Glass had notice of the lawsuit before November 7, 2022. See Milburn, 491 S.E.2d at 851. For this reason alone, Plaintiff's claims against Ricks Glass are time-barred. See Pate, 2015 WL 12086090, at *2.

Moreover, the Amended Complaint likewise fails to allege that Ricks Glass "knew or should have known that, but for a mistake concerning its identity, the action would have been brought against [it]." O.C.G.A. § 9-11-15(c).

> A plaintiff's amendment to identify parties previously designated as "John Doe" defendants in the complaint does not relate back to the filing of the original complaint under [Rule 15(c)] because the amendment is made to correct the plaintiff's *lack* of knowledge about whom to sue, not a *mistake* by the defendant in identifying the proper party.

Bloodworth v. United States, 623 F. App'x 976, 979 (11th Cir. 2015) (emphasis added) (citation omitted). Plaintiff has not alleged that, before the expiration of the limitations period, she was misled or denied information about the identity of the company that maintained the door. A "plaintiff has a duty to show that she exercised diligence to determine the true identity of the [unnamed defendant] before the expiration of the statute of limitations." Pate, 2015 WL 12086090, at *2 n.1 (citing Milburn, 491 S.E.2d at 852). Plaintiff has alleged no facts showing that she was somehow deprived of such knowledge. Accordingly, Plaintiff has also failed to plead facts sufficient to satisfy the second element of Section 9-11-15(c).

**CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff has failed to plead facts to support a finding that the untimely Amended Complaint naming Ricks Glass relates back to the original complaint, and thus Section 9-11-15(c) does not apply. Because the Amended Complaint naming Ricks Glass as a Defendant was filed after the statute of limitations expired, and no reason for tolling the statute has been shown, the claims against Ricks Glass are barred under O.C.G.A. § 9-3-33. Accordingly, the Court **GRANTS** Ricks Glass's Motion to Dismiss, (doc. 22), and **DIRECTS** the Clerk of Court to **TERMINATE** Ricks Glass as a party on the docket of this case.

**SO ORDERED**, this 14th day of February, 2024.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA